IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: SEPTEMBER 4, 2008
08CV5050
JUDGE DOW
MAGISTRATE JUDGE NOLAN
CH

| | |
|---|---|
| **CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) ) |
| **NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually** | ) ) ) Judge ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), on its own behalf and on behalf of the trustees of the District Council Labor-Management Cooperation Committee ("LDC/LMCC"), the Laborers-Employers Cooperation Education Trust ("LECET") and Concrete Contractors Association ("CCA"), for its Complaint against Defendants NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, for failure to timely remit wage deductions and certain employer contributions to the District Council, states:

### COUNT I

### FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS AND EMPLOYER CONTRIBUTIONS IN VIOLATION OF LMRA SECTION 301

1.  The District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

2.  The LDC/LMCC, LECET and CCA are labor-management cooperation

committees that maintain their principal offices in this district. The LDC/LMCC, LECET and CCA are funded primarily by employer contributions required by collective bargaining agreements negotiated by the District Council. The trustees of the LDC/LMCC, LECET and CCA have authorized the District Council to act on behalf of the LDC/LMCC, LECET and CCA for purposes of collecting contributions owed, and the District Council brings this action on their behalf. (LDC/LMCC, LECET and CCA will be referred to collectively as "the Affiliated Organizations")

3. Defendant NORANNE CONCRETE, INC., ("Defendant Company"), is a Illinois corporation that conducts business within this district. Defendant Company is an employer within the meaning of LMRA Section 101(a), 29 U.S. C. § 152(2).

4. Defendant ANTHONY JURGETO resides in this District and is the principal officer and, on information and belief, majority shareholder of Defendant Company.

5. Jurisdiction and venue are properly vested in this Court under LMRA Sections 301(a) and (c), 29 U.S.C. §§ 185(a) & (c).

6. The District Council has maintained successive labor agreements with Defendant Company, the most recent of which is effective by its terms from June 1, 2006 to May 31, 2010 (the "Agreement").

7. Under the Agreement, Defendant Company is obligated to (a) deduct initiation fees and monthly dues from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them to the District Council not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated

damages to the District Council and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

8. Pursuant to the Agreement, Defendant Company is bound by the Affiliated Organizations' governing trust documents and is obligated to pay contributions for each hour worked by its employees to the Affiliated Organizations. Defendant Company is required to remit contributions to the District Council for transmittal to the Affiliated Organizations along with a remittance report.

9. Pursuant to the Affiliated Organizations' governing trust documents, employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

10. Since about May 2008 and continuing through the present, Defendant Company failed to deduct union dues from employees' wages and remit those union dues to the District Council.

11. By the aforementioned conduct, Defendant Company has breached the Agreement in violation of Section 301 of the LMRA and has caused damage to the District Council and the Affiliated Organizations, including lost earnings and administrative costs.

WHEREFORE, based on Count I of this Complaint, Plaintiff respectfully requests that this Court enter judgment against Defendant NORANNE CONCRETE, INC., containing the following relief:

    (a)    ordering NORANNE CONCRETE, INC., to pay all unremitted union dues and industry trust fund contributions required by the Agreement, as well as 10% as liquidated damages;

    (b)    ordering NORANNE CONCRETE, INC., to pay all costs of collection, including reasonable audit fees, attorneys' fees and costs;

    (c)    ordering NORANNE CONCRETE, INC., to remit its complete May 2008 report and each future report and payment on a timely basis; and

    (d)    ordering such other relief as this Court deems just and proper.

## COUNT II

**NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES**

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this Complaint, as though fully set forth herein, as paragraph 12.

13. Plaintiff District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this District.

14. Defendant NORANNE CONCRETE, INC., ("Defendant Company"), is an Illinois corporation that maintains offices and conducts business within this District.

15. Defendant ANTHONY JURGETO ("JURGETO") resides in this District and is the principal officer and, on information and belief, majority shareholder of Defendant Company.

16. This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

17. Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

18. During the period beginning May 2008 and continuing through the present, Defendant Company's employees performed work for the Company and earned wages.

19. On information and belief, each of Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to the District Council in satisfaction of union dues and fee obligations.

20. Since at least May 2008 pursuant to the wage assignments, Defendants deducted money from employees' wages, but failed to remit those amounts to the District Council.

21. On or about August 19, 2008, the District Council demanded payment of the amounts deducted from the employees' wages and withheld by the Defendants.  Defendants failed to return those amounts to the District Council.

22. Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

23. At all material times, JURGETO acted directly in the interest of Defendant Company in relation to its employees.

24. At all material times, JURGETO controlled the terms and conditions of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of amounts from employees' wages.

25. At all material times, JURGETO controlled all disbursements made by Defendant Company, including the issuance of payroll checks and dues remittance checks.

26. JURGETO  knowingly permitted Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the District Council.

27. JURGETO personally and actively conducted or participated in the actions of

Defendant Company alleged above causing injury to the District Council. JURGETO, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to deduct amounts from employees' wages and properly remit those amounts to the District Council for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiff respectfully requests this Court to enter judgment against NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, as follows:

(a) finding that NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, violated the Illinois Wage Payment and Collection Act;

(b) ordering NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, jointly and severally to pay the District Council all amounts Defendants failed to withhold and properly remit to the District Council, plus interest;

(c) ordering NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

(d) granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III

**CONVERSION CLAIM AGAINST
NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually**

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint, as though fully set forth herein, as paragraph 28.

29. Pursuant to the wage assignments executed by each of Defendant Company's

employees, the District Council has a right to all wages deducted from employees' wages for remittance to the District Council as union dues and fees.

30. After Defendant Company and JURGETO deducted and withheld amounts from its employees' wages as assigned by the employees to the District Council for payment of union dues and fees, the District Council had an absolute right to immediate possession of those amounts.

31. After Defendant Company and JURGETO withheld amounts from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, Defendant Company and JURGETO were without right or authorization to possess those amounts.

32. Since at least May 2008 and continuing through the present, Defendant Company deducted and withheld amounts from employees' wages for union dues and fees, but did not remit those amounts to the District Council in a timely manner, and Defendant Company and JURGETO appropriated those amounts for their own use and benefit; and thereby permanently deprived the District Council of its property.

33. Plaintiff has made demand for possession of the withheld amounts, but Defendant Company and JURGETO have not turned over the amounts deducted from the employees' wages.

34. Through the acts and conduct alleged above, Defendant Company and JURGETO wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

35. JURGETO personally withheld amounts from the wages of the employees or

personally caused another to withhold those amounts. After the withholding of the employees' wages assigned to the District Council as union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

36. JURGETO knowingly failed to remit to the District Council amounts withheld from the employees' wages, or personally caused another to fail to remit those amounts to the District Council following the withholding of those amounts. JURGETO was without right or authorization to possess those amounts.

37. JURGETO appropriated, for his own use and benefit, the amounts withheld from the employees' wages.

38. Plaintiff has made demand for possession of the withheld amounts, but JURGETO has not turned over the amounts deducted from employees wages.

39. Through the acts and conduct alleged above, JURGETO wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

WHEREFORE, based on Count III of this Complaint, Plaintiff respectfully requests this Court to enter judgment against NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually as follows:

    (a) finding that NORANNE CONCRETE, INC., and ANTHONY JURGETO, personally and individually, wrongfully converted the District Council's property;

    (b) ordering NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, jointly and severally, to pay the District Council all amounts Defendant failed to withhold and properly remit to the District Council, including interest and liquidated damages;

 (c)  ordering NORANNE CONCRETE, INC., and ANTHONY JURGETO, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

 (d)  granting all other such legal and equitable relief as the Court deems just and proper.

             Respectfully submitted,

              s/Steven W. Jados
             Steven W. Jados
             One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
312-372-1361